*170 MEMORANDUM
BAILEY, J.
While the plaintiff’s first husband may have obtained a decree of divorce in Florida fraudulently, the fraud involved did not go to the jurisdiction of the Florida , court, but to the grounds upon which the divorce was granted. The jurisdiction of the state of Florida was based upon his domicile there, and any question of the length of his stay there before the divorce did not go to the question of the jurisdiction of the state of his new domicile. The fact that the decree of the court may have been erroneous and may have been based upon perjured testimony did not render the decree void. The fact that he may have gone to Florida for the purpose of obtaining a divorce does not prevent his obtaining a bona fide domicile there.
It is true that Florida was not the matrimonial domicile of the parties, but as the Supreme Court has held that a divorce obtained at the domicile of one spouse is entitled to full faith and credit, if the other spouse appears in the suit (Cheever v. Wilson, 9 Wall. 108; Haddock v. Haddock, 201 U. S. 562 at page 570; Williamson v. Osenton, 232 U. S. 619), I think that the ratification of the Florida divorce by remarriage of the wife is equivalent, in effect, to her having appeared in the divorce suit.
I think therefore in the language of the Court of Appeals in Atkinson v. Atkinson, 82 F. (2d) 847, “the . . . . decree may be given operation in the District of Columbia without violating the principles of morality or the public policy of the district,” and especially in view of the fact that the same question was raised by the defendant in this case some years ago in a suit’ which was settled and compromised by a reconciliation of the parties.
I think that the case Atkinson v. Atkinson, supra, is controlling and that the cross-bill should be dismissed.